| | |
|---|---|
| 1 | NEAL A. FISHER, JR. (State Bar No. 265596) |
| | nealfisher@dwt.com |
| 2 | KATHLEEN JONES (State Bar No. 162059) |
| | kathleenjones@dwt.com |
| 3 | DAVIS WRIGHT TREMAINE LLP |
| | 865 South Figueroa Street, 24th Floor |
| 4 | Los Angeles, California 90017-2566 |
| | Telephone: (213) 633-6800 |
| 5 | Fax: (213) 633-6899 |

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC (ERRONEOUSLY SUED AS LOWE'S COMPANIES, INC.)

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| ROSA CRUZ, | CASE NO. |
|---|---|
| Plaintiff, | **DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)** |
| vs. | |
| LOWE'S COMPANIES, INC., and DOES 1-50, inclusive, | |
| Defendant. | [Filed concurrently with Certificate of Interested Entities or Persons; Corporate Disclosure Statement; Declaration of Neal A. Fisher, Jr.; Declaration of Genevieve Wynsen; Federal Civil Cover Sheet] |
| | [State Court Complaint Filed: April 1, 2020 – Santa Clara, Case No. 20CV365910] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

Pursuant to 28 U.S.C. sections 1332, 1367, 1441, and 1446, Defendant Lowe's Home Centers, LLC (erroneously sued as Lowe's Companies, Inc.) ("Lowe's" or "Defendant"), by and through its attorneys of record, hereby removes this action from the Superior Court of California, County of Santa Clara to the United States District Court, Northern District of California.  In support of this Notice of Removal, Defendant alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a).  This action is removable pursuant to 28 U.S.C. § 1441 because (1) there is complete diversity of citizenship between Plaintiff Rosa Cruz ("Plaintiff") and Defendant Lowe's and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Because the state court action is pending in the Superior Court of California, County of Santa Clara, removal of the state court action to this District Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a).

3. Removal to and venue in this District is proper under 28 U.S.C. § 1391(a)(2) because Plaintiff filed the present case in Santa Clara County Superior Court and alleges that, at all relevant times, she was residing in the County of San Mateo, State of California.  *See* Exhibit A, Compl. at ¶¶ 2 and 4. (Ex. A consists of Plaintiff's Complaint for Damages and her Department of Fair Employment and Housing  Complaint ("DFEH Complaint") and Right-to-Sue Notice, which Plaintiff attached to the operative Complaint as Exhibit A).  Plaintiff also alleges that all alleged unlawful conduct in this action took place in the County of Santa Clara, California.  *See* Ex. A, Compl.¶¶ 3 and 4,.  At all relevant times, Plaintiff worked at Defendant's store located at 811 East Arques Avenue, Sunnyvale, CA 94085.  *See*

1

NOTICE OF REMOVAL
4825-3972-6526v.1 0086846-000085

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ex. A, Compl. ¶¶ 4 and 5. *See* Declaration of Genevieve Wynsen, ("Wynsen Decl.") filed concurrently herewith, ¶ 5.

### **PROCEDURAL HISTORY AND BACKGROUND**

4. On April 1, 2020, Plaintiff filed the subject civil action entitled *Cruz v. Lowe's Home Centers, LLC*, *and DOES 1-50*, Civil Case No. 20CV365910, in the Superior Court of California, County of Santa Clara ("Complaint"). *See* Ex. A. The operative Complaint alleges the following seven causes of action against Defendant: (1) retaliation; (2) failure to take reasonable steps to prevent retaliatory practices; (3) wrongful termination; (4) breach of written and implied-in-fact contract; (5) breach of the covenant of good faith and fair dealing; (6) violation of Cal. Bus. & Prof. Code §17200 (unfair competition); and (7) failure to pay wages owed at termination. *See* Ex. A. As set forth in more detail below, Plaintiff seeks general damages, special damages, punitive damages, declaratory relief, injunctive relief, pre-judgment and post-judgment interest, and attorneys' fees and costs among other relief. *See* Ex. A, Prayer for Relief at pg. 16.

5. On May 1, 2020, Plaintiff emailed the operative Complaint to counsel for Defendant which included a Notice of Acknowledgment of Receipt. *See* Declaration of Neal A. Fisher, Jr. ("Fisher Decl.") filed concurrently herewith, ¶ 7, Ex. 2. On May 20, 2020, counsel for Defendant executed the Notice of Acknowledgment of Receipt and served it on counsel for Plaintiff. *See* Fisher Decl. ¶ 7, Ex. 3. On May 27, 2020, Plaintiff filed the Proof of Service of Summons and Notice of Acknowledgment of Receipt in state court. *See* Ex. B, Proof of Service of Summons and Notice of Acknowledgment of Receipt. Accordingly, this Notice of Removal is timely filed within the 30-day period in 28 U.S.C. section 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

6. On June 5, 2020, Defendant filed an Answer in state court, denying Plaintiff's allegations and employment claims in their entirety, and denying that she is owed any of the amounts prayed for in the Complaint. See Ex. C, Defendant's

NOTICE OF REMOVAL
4825-3972-6526v.1 0086846-000085

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Answer and related documentation, attached herewith.[1] True and correct copies of the Complaint, Answer, and related process, pleadings, and orders filed in the state court employment lawsuit are attached here as Exhibits A through G.

7. Does 1 through 50 represent the other defendants in this action. Because these Doe Defendants are fictitious (*see* Ex. A, Compl. ¶ 8), and because they have not yet been served, their consent to join in removal is not required. *See* 28 U.S.C. §1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded."); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925).

8. Venue lies in the United States District Court for the Northern District of California because Plaintiff filed the Action in this judicial district and it remains pending in this judicial district. *See* 28 U.S.C. § 1441(a).

## DIVERSITY

9. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a), and which may be removed to this Court under 28 U.S.C. section 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Plaintiff's Citizenship: Plaintiff alleges that she is a California resident, which creates a rebuttable presumption of citizenship. *See* Ex. A, Compl. ¶¶ 2 and 4; *see also Long v. Empire Today, LLC*, 2014 U.S. Dist. LEXIS 617, *4 (C.D. Cal. Jan. 3, 2014) (noting that "[a] person's residence can be prima facie evidence of citizenship"). Plaintiff alleges in her DFEH complaint that she resides

---

[1] Plaintiff attempted to file a First Amended Complaint. The state court issued a Civil Filing Rejection Letter stating that a court order was required to file an amended complaint because Defendant had already filed its answer. *See* Ex. D, Civil Filing Rejection Letter.

NOTICE OF REMOVAL
4825-3972-6526v.1 0086846-000085
3
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

in Redwood City, California.  *See* Ex. A, Compl., Ex. A attached thereto at pg.2.  Plaintiff also lists Redwood City, California as her place of residence in her employment records.  S*ee* Wynsen Decl., ¶4.  Redwood City is located in the county of San Mateo, California.  Collectively, these facts establish that Plaintiff is domiciled in California.  Plaintiff further alleges that the events giving rise to this action took place in the County of Santa Clara, State of California.  *See* Ex. A, Compl. ¶¶ 3, 4 and 9.  At all relevant times, Plaintiff worked at Defendant's store located at 811 East Arques Avenue, Sunnyvale, CA 94085.  *See* Ex. A, Compl. ¶ 4; *see also* Wynsen Decl., ¶ 5.

11. <u>Defendant's Citizenship</u>: At all relevant times, including the date on which Plaintiff filed the Complaint, Lowe's Home Centers, LLC was and is a citizen of North Carolina and not a citizen of California.  For removal purposes, a limited liability company is treated as a partnership for purposes of diversity, and citizenship depends on the citizenship of its members.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Lowe's Home Centers, LLC is a limited liability company and Lowe's Home Centers, LLC's sole member is Lowe's Companies, Inc. *See Meza v. Lowe's Home Centers, LLC*, No. 15-CV-02320-LHK, 2015 WL 5462053 (N.D. Cal. Sept. 16, 2015) at *1-2 (holding that complete diversity of citizenship existed where plaintiff was a citizen and resident of California and the defendant was Lowe's Home Centers, LLC: "Defendant is a manager-managed LLC with its only member being Lowe's Companies, Inc.… Lowe's Companies, Inc., in turn, is a North Carolina corporation with its principal place of business in North Carolina…Accordingly, Defendant is a citizen of North Carolina for purposes of diversity jurisdiction."); and *Calderon v. Lowe's Home Centers, LLC*, No. 2:15-CV-01140-ODW, 2015 WL 3889289 (C.D. Cal. June 24, 2015) at *1-2 (holding that complete diversity of citizenship existed where plaintiff was a citizen of California and the defendants were Lowe's Home Centers, LLC and Lowe's Companies, Inc.); *see also* Fisher Decl., ¶ 5,  filed concurrently, and

NOTICE OF REMOVAL
4825-3972-6526v.1 0086846-000085

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ex. 1 (copies of the aforementioned unreported cases) and Ex. 2 (Secretary of State Elaine F. Marshall, Business Registration Search Results for Lowe's Home Centers, LLC (last accessed June 4, 2020), https://www.sosnc.gov/online_services/search/Business_Registration_Results (lists Lowe's principal office in Wilkesboro, North Carolina and the addresses for all company officials, which are located in Mooresville, North Carolina)).

12. Lowe's Companies, Inc. is a North Carolina corporation, incorporated in the State of North Carolina. *See* Fisher Decl., ¶¶ 5-6 and Exs. 1 and 2. The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which typically will be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 95-96 (2010). Lowe's Companies, Inc.'s headquarters -- where its high-level officers direct, control, and coordinate the corporation's activities -- is located in North Carolina. Thus, for removal purposes, Lowe's Companies, Inc. is a citizen of North Carolina, not California. *See* Fisher Decl., ¶¶ 5-6 and Exs. 1 and 2. Defendant is not now, and has never been, a citizen of the State of California.

13. Because Lowe's Companies, Inc. is a citizen of North Carolina, Lowe's Home Centers, LLC is a citizen of North Carolina. *See* Fisher Decl., ¶¶ 5-6 and Exs. 1 and 2. Because Plaintiff is a citizen of California and Defendant is not a citizen of California, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

14. Pursuant to 28 U.S.C. section 1441(a), "[f]or purposes of removal … the citizenship of defendants sued under fictitious names shall be disregarded." Thus, the fictitious "Does 1 to 50" are disregarded for determining diversity jurisdiction. There is complete diversity between the parties for removal purposes.

NOTICE OF REMOVAL
4825-3972-6526v.1 0086846-000085

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## AMOUNT IN CONTROVERSY

1. The threshold amount in controversy is satisfied in this action. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of her own claims against a single defendant") (internal quotations omitted).

15. Defendant need only show by a preponderance of evidence that Plaintiff's claims place more than $75,000 at issue. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (noting "preponderance of the evidence" in removal papers is appropriate standard of proof for satisfaction of amount in controversy). To satisfy this standard, Defendant may support federal jurisdiction by: 1) establishing that it is facially apparent that Plaintiff's claims more likely than not exceed the amount in controversy threshold; 2) setting forth in the Notice of Removal the facts in controversy that support a finding of the requisite amount; or 3) submitting an affidavit showing that the amount-in-controversy is met. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (same).

16. Here, Plaintiffs allegations and prayer for relief in the Complaint confirm that Plaintiff is seeking more than $75,000. Plaintiff prays for the following relief against Defendant: general damages including loss of income and emotional distress, special damages, punitive damages, declaratory relief, injunctive relief, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs.

NOTICE OF REMOVAL
4825-3972-6526v.1 0086846-000085

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*See* Ex. A, Compl., Prayer for Relief.

17. Plaintiff does not specifically state an amount-in-controversy on the face of her Complaint. Still, her allegations make clear that she demands more than the $75,000.00 at issue. Plaintiff seeks to recover <u>lost</u> income and benefits. See Ex. A, Compl., ¶¶ 33, 41, and Prayer for Relief. Plaintiff alleges that Defendant terminated her employment on or about August 5, 2019. *See* Ex. A, Compl. ¶23. At the time, Plaintiff was a full-time employee, earning an annual salary of $78,449.28. *See* Wynsen Decl., ¶6-7. Assuming Plaintiff can demonstrate that she would have remained employed with Defendant from the date of discharge to the present (approximately ten months), her claim for lost wages alone would be at least $60,345.60.

18. Plaintiff seeks to recover <u>emotional distress</u> damages. *See* Ex. A, Compl. ¶¶33, 41, 46, and Prayer for Relief. Emotional distress damages have value for purposes of determining the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (emotional distress damages of at least $25,000 considered in calculating amount in controversy). Although Plaintiff does not provide a specific amount as to her claim for emotional distress damages, the Court may consider damage awards in other cases to establish the amount in controversy. *See, e.g.*, *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (citing award of $3,500,000 for pain and suffering in employment discrimination case and noting that while the case was "not perfectly analogous," the case "indicates that emotional distress damages in a successful employment discrimination case may be substantial").

19. Plaintiff also seeks to recover <u>punitive damages</u>. *See* Ex. A, Compl. ¶¶34, 42, 47, and Prayer for Relief. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Here, although Defendant denies Plaintiff's allegations in their entirety, if Plaintiff were to prevail on her employment claims,

NOTICE OF REMOVAL
4825-3972-6526v.1 0086846-000085

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the punitive damages alone could exceed the jurisdictional minimum.

20. Plaintiff seeks to recover <u>attorneys' fees</u> as provided by statute. *See* Ex. A, Compl. ¶¶35, 43, 48, 76, and Prayer for Relief. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *see, e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992) (holding plaintiffs' pro rata share of statutory attorneys' fees included in jurisdictional amount). Here, Plaintiff seeks attorneys' fees under the Fair Employment and Housing Act, California Government Code §12940 *et seq.* and §12965(b), among other statutory provisions. Reasonable attorneys' fees for a successful employment case through trial far exceed $75,000.

21. Thus, based on the nature of Plaintiff's claims and the relief she seeks in the Complaint – including lost wages, punitive damages, emotional distress and attorneys' fees - it is apparent that the amount in controversy exceeds $75,000. *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (affirmed district court determination that it was facially apparent that the jurisdictional amount was satisfied based on a request for compensatory damages, punitive damages, and attorneys' fees); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (jurisdictional amount satisfied based on damage claims for pain and suffering and humiliation).

22. Because there is complete diversity citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and it is removable under 28 U.S.C. § 1441.

23. For the reasons set forth above, therefore, this action may be removed by Defendant to this District Court pursuant to 28 U.S.C. § 1441 and, if necessary, pursuant to 28 U.S.C. § 1367.

8

NOTICE OF REMOVAL
4825-3972-6526v.1 0086846-000085

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **MISCELLANEOUS**

24. Pursuant to 28 U.S.C. § 1446(a), the following constitutes all of the process, pleadings, or orders received or served by Defendant or otherwise found in the state court action file and available to Defendant at the time of the filing of this removal. True and correct copies are attached of the following:

| | | |
|---|---|---|
| Ex. A: | Summons and Complaint, filed by Plaintiff; |
| Ex. B: | Proof of Service of Summons and Notice of Acknowledgement of Receipt, filed by Plaintiff; |
| Ex. C: | Answer to Plaintiff's Complaint and Proof of Service, filed by Defendant; |
| Ex. D: | Civil Filing Rejection Letter; |
| Ex. E: | Civil Case Cover Sheet; |
| Ex. F: | Civil Lawsuit and Case Management Conference Notice; and |
| Ex. G: | Alternative Dispute Resolution Information Sheet. |

25. Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice of Removal, Defendant will file with the State Court a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached. Furthermore, Defendant will serve counsel for Plaintiff with a copy of both this Notice of Removal and the Notice of Filing of Notice of Removal, and file this Notice to Plaintiff with the State Court.

26. Defendant has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by filing this Notice.

///
///
///
///
///

9

NOTICE OF REMOVAL
4825-3972-6526v.1 0086846-000085

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

27. Based on the foregoing, Defendant hereby removes this Action from the Superior Court of the State of California, County of Santa Clara, to this Court, and request that further proceedings be conducted in this Court as provided by law.

DATED: June 18, 2020

D**AVIS** W**RIGHT** T**REMAINE** LLP
NEAL A. FISHER, JR.
KATHLEEN M. JONES

By: /s/Neal A. Fisher Jr.
    NEAL A. FISHER, JR.

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

NOTICE OF REMOVAL
4825-3972-6526v.1 0086846-000085

10

D**AVIS** W**RIGHT** T**REMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY ELECTRONIC MAIL AND U.S. MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On June 18, 2020, I served the foregoing document(s) described as: **DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)** by forwarding a portable document file to the electronic mail address(es) below and by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Lori J. Costanzo
Costanzo Law Firm, APC
111 W. St. John Street, Suite 700
San Jose, CA  95113
lori@costanzo-law.com
Counsel for Plaintiff Rosa Cruz

**(FROM ELECTRONIC MAIL ADDRESS** vanessapalma@dwt.com) at Suite 2400, 865 South Figueroa Street, Los Angeles, California.

**(U.S. MAIL)** - I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on June 18, 2020, at Los Angeles, California.

☒ Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Vanessa Palma
Print Name                                   Signature

NOTICE OF REMOVAL
4825-3972-6526v.1 0086846-000085

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899