Lori J. Costanzo, SBN 142633
COSTANZO LAW FIRM
111 West St. John Street, #700
San Jose, CA 95113
Phone:     408.993.8493
Fax:          408.993.8496
Email:      Lori@costanzo-law.com

Attorneys for **Plaintiff, Rosa Cruz**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| ROSA CRUZ <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S HOME CENTERS, LLC., and DOES 1-50, inclusive <br><br> Defendant. | Case No.: **5:20-CV-04072-LHK** <br><br> **PLAINTIFF ROSA CRUZ' FIRST AMENDED COMPLAINT** |

**COMES NOW** Plaintiff ROSA CRUZ (hereinafter referred to as "Plaintiff" or "Ms. Cruz"), by and through her attorneys of record herein, who bring this Complaint against the above-named Defendants, and in support thereof allege the following:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action pursuant to California Code of Civil Procedure ("CCP") § 410.10 and California Constitution Article VI, Section 5. The amount in controversy, exclusive of interest and costs, exceeds the sum of $25,000.00.

2.      Plaintiff, at all relevant times, was and is a resident of the County of San Mateo. Plaintiff is informed and believes that the named Defendants are entities in the County of Santa Clara authorized to do, and who did business in the County of Santa Clara at all times relevant herein.

3.      Venue is proper pursuant to CCP § 395(a) in that the obligations herein sued upon arose,

COSTANZO LAW FIRM, APC
111 WEST ST. JOHN STREET #700
SAN JOSE, CA 95113

COSTANZO LAW FIRM, APC
111 WEST ST. JOHN STREET #700
SAN JOSE, CA 95113

1  occurred, happened and were and now are due, owing and payable from Defendants to Plaintiff in

2  the above-entitled judicial district, in the County of Santa Clara, State of California.

3  **PARTIES**

4  4.       Plaintiff ROSA CRUZ was and is, at all times material hereto, an individual residing in San

5  Mateo County, California and was an employee of Defendant LOWE'S HOME CENTERS, LLC

6  (hereinafter "Lowe's"). Plaintiff was the Assistant Specialty Manager for Defendant, working out

7  of Lowe's in Sunnyvale, California. She previously worked out of the South San Francisco Lowe's

8  location.

9  5.       Plaintiff is informed and believes and thereon alleges that Defendant LOWE'S HOME

10  CENTERS, LLC is a hardware retailer with a retail store located in Sunnyvale, California.

11  6.       Plaintiff is informed and believes and thereon alleges that Defendants is the "employer" as

12  that term is defined in the California Fair Employment and Housing Act and under the California

13  Labor Code.

14  7.       At all times mentioned in the causes of action into which this paragraph is incorporated by

15  reference, each and every Defendant was the agent or employee of each and every other Defendant.

16  In doing the things alleged in the causes of action into which this paragraph is incorporated by

17  reference, each and every Defendant was acting within the course and scope of this agency or

18  employment, and was acting with the consent, permission, and authorization of the remaining

19  Defendants. All actions of each Defendant alleged in the causes of action into which this paragraph

20  is incorporated by reference, were ratified and approved by officers and managing agents of every

21  other Defendant.

22  8.       Does 1 through 50, inclusive, are sued herein under fictitious names. Their true names and

23  capacities are unknown to the Plaintiff. When their true names and capacities are ascertained,

24  Plaintiff will amend this Complaint by asserting their true names and capacities herein. Plaintiff is

25  informed and believes, that thereon alleges, that each of the fictitiously named Defendants is

26  responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as

27  herein alleged were proximately caused by those Defendants. Each reference in this complaint to

28

**COSTANZO LAW FIRM, APC**
**111 WEST ST. JOHN STREET #700**
**SAN JOSE, CA 95113**

"Defendant", "Defendants" or specifically named Defendant refers to all Defendants sued under fictitious names.

9.      The wrongful acts alleged herein occurred in Sunnyvale, California, and venue is proper in Santa Clara County, State of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.     Plaintiff Rosa Cruz has exhausted all administrative remedies necessary by filing a charge of discrimination with the Department of Fair Employment and Housing ("DFEH").  A copy of the DFEH right-to-sue letters for the original complaint and amended complaint are attached hereto as Exhibit "1."

## FACTUAL ALLEGATIONS

11.     Ms. Cruz was hired as an Assistant Specialty Manager by Lowe's on December 4, 2017, for the South San Francisco location and was transferred to Lowe's location in Sunnyvale in September 2018 to improve sales at that location. Ms. Cruz has enjoyed great success throughout her over twelve (12) year career at Home Depot and while working at Lowe's. Ms. Cruz has extensive experience in hardware retail and has held various titles including HR manager, ASDS, and Specialty ASM. Ms. Cruz had never, in her 14-year career, had her integrity or work ethic questioned, until she was wrongfully terminated from Lowe's.

12.     Ms. Cruz's capabilities as an assistant manager are further emphasized by the approximately $15,000 in bonus pay due in or about August 2019 for maintaining a perfect attendance record. Ms. Cruz only received a fraction of that amount when Lowe's deposited $5,000 into her bank account without explanation and contrary to their policies and procedures.

*Ms. Cruz was Retaliated Against for Assisting*
*Spanish Speaking Lowe's Employees with their*
*Sexual Harassment Claims Against the Store Manager*

13.     In 2018, Ms. Cruz became aware of sexual harassment allegations made against then Store Manager, Renaldo. The employees alleged that Renaldo made sexual comments to them and touched them inappropriately.

14.     The allegations were made by Spanish speaking employees and Ms. Cruz is one of the few Spanish speaking managers at the Sunnyvale Lowe's location. Not surprising, these employees felt

safe in seeking help from Ms. Cruz, and as an assistant manager, she was obligated and wanted to help them.

15.     Ms. Cruz tried to initiate the investigation process with Lowe's lawyers and reached out to district HR in October of 2018 asking that they begin an investigation. Ms. Cruz was told that the matter would be passed along to corporate HR and that it would be taken care of. However, nothing happened, and HR did not provide help. Ms. Cruz followed up several times asking for an update and to receive help with supporting the employees who had been sexually harassed but, she was ignored.

16.      Ms. Cruz believed it was extremely important to pursue reporting the sexual harassment complaint because one of the victims, Maria, had confided in her about having thoughts of suicide. Maria approached Ms. Cruz and asked to meet with her. Maria and Ms. Cruz met in Ms. Cruz's office where Maria confided that she had been experiencing thoughts of suicide. Ms. Cruz, without the help of Lowe's HR, provided comfort and support for Maria for over 14 hours. Maria expressed that she could not go on living like this because everyone at Lowe's new about the sexual harassment and nothing was being done. Ms. Cruz took notes and submitted them to Genevieve Wynsen who worked with the district HR department. Ms. Cruz also recommended to HR that they should give Maria information about the counseling services Lowe's offers to its employees.  It was not until almost one year later, in or about June 2019 did a corporate lawyer meet with Ms. Cruz to discuss the investigation.

### Lowe's Takes Adverse Employment Action Against Ms. Cruz by Investigating Contractor Discounts

17.     Instead of focusing on the sexual harassment investigation, Lowe's turned its focus on Ms. Cruz.  On or about July 22, 2019, Ms. Cruz was interviewed by a District Loss Prevention Investigator with a witness from district HR present to transcribe the conversation. In this meeting Ms. Cruz was informed she was being investigated for giving "deep discounts" to one of the contractors in her district by the name of Tony.

18.     The investigator asked Ms. Cruz about her relationship with Tony, whether she knew him outside of work, or if she ever gave him items for free. Although Ms. Cruz felt distressed and

COSTANZO LAW FIRM, APC
111 WEST ST. JOHN STREET #700
SAN JOSE, CA 95113

COSTANZO LAW FIRM, APC
111 WEST ST. JOHN STREET #700
SAN JOSE, CA 95113

1   attacked, she answered all of the questions politely and explained that she did not give Tony free

2   merchandise or new merchandise at a discounted rate nor did she know him outside of work.  In

3   fact, Tony was a contract who was well known to many Lowe's employees as a customer who

4   regularly bought truckloads of merchandise that was damaged and not sellable.

5   19.     Ms. Cruz was a competent employee and knew that there was, and still is, no actual

6   markdown or discount process at Lowe's. The Standard Operation Procedures (SOP) for Lowe's

7   only states that discounts start at 10% and then it is up to the manager's discretion after that.

8   20.     After being interviewed for 15 to 20 minutes, the investigator asked Ms. Cruz to write a

9   statement. Ms. Cruz rightfully refused to write a statement because she had done nothing wrong and

10  also, there was no need to write a statement since an HR representative who was present, was

11  transcribing the entire interaction.

### Ms. Cruz is Threatened with Gun Violence in Retaliation for Assisting Employees with their Sexual Harassment Complaints

14  21. On or about May 10, 2019, Ms. Cruz received a call from one of her peers, Erica. Erica,

15  crying on the phone, told Ms. Cruz that she had found a note stating that Ruby, another employee of

16  Lowe's that was close with Ronaldo, had a gun and had threatened to shoot Ms. Cruz for getting

17  Renaldo fired.

18  22. Shortly after receiving this call Ms. Cruz filed a restraining order with the Sunnyvale Police

19  Department and made a formal report to Lowe's HR.  Eventually Ruby was fired, however nobody

20  from Lowe's notified Ms. Cruz that Ruby had been fired. In fact, Lowe's put Ms. Cruz in further

21  jeopardy by failing to alert her as to when Ruby had been terminated of the threat of shooting Ms.

22  Cruz.

### Lowe's Wrongfully Terminates Ms. Cruz as Retaliation for Assisting Employees with the Sexual Harassment Complaint

25  23.     On August 5, 2019, Ms. Cruz was informed by her District Manager, Sly Reynolds, and HR

26  Manager, Genevieve Wynsen, that she was being terminated. Her termination was based on the

27  conclusion of the investigation into contractor discounts; however, no other information was

28  provided.

COSTANZO LAW FIRM, APC
111 WEST ST. JOHN STREET #700
SAN JOSE, CA 95113

24.     Ms. Cruz called corporate HR, and wrote an email to the CEO of Lowe's, Marvin Ellison, the Executive Vice President, Joseph McFarland, and the Executive Vice President of Human Resources, Jennifer Weber, asking for more detail. Ms. Cruz was never given reason explanation for her termination. After reaching out to an HR agent, Ms. Cruz was told she was terminated for failing to cooperate with the investigation by refusing to write a statement. Ms. Cruz was never warned that she would be terminated if she failed to write out a statement notwithstanding the fact that at least one other assistant manager who had also refused to give a statement claiming that there was no policy for discounts was not terminated.

25.     It is evident that Ms. Cruz was targeted by management because at least three (3) other assistant managers gave discounts to contractors, including to Tony, and were also interviewed by the District Loss Prevention Investigator, yet Ms. Cruz was the only employee who was terminated.

## FIRST CAUSE OF ACTION
### RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940(h)
#### (Against Defendant Lowe's and Does 1-50)

Plaintiff re-alleges and incorporates herein by reference, all previous allegations set forth in this Complaint.

26.     At all times mentioned herein, California Government Code sections 12940, *et seq*. were in full force and effect and were binding upon Defendants and each of their employees.

27.     California Government Code section 12940(h) provides that it is unlawful for any employer or covered entity to discriminate or retaliate against an employee who has opposed any practices forbidden under Government Code section 12940.

28.     Plaintiff opposed practices forbidden under Government Code section 12940 when she reported Renaldo's abusive and discriminatory conduct towards her coworkers and Lowe's complicity with such treatment.

29.     Plaintiff's complaints constituted protected activities pursuant to FEHA.

30.     In retaliation for having made these complaints, Plaintiff was investigated by the Loss Prevention Investigator, and was ultimately terminated, all of which constituted retaliation in violation of Government Code section 12940(h).

31.   Plaintiff's complaints were a substantial motivating reason for Defendants' decisions to investigate, and finally terminate Plaintiff.

32.   Defendants are directly liable for the retaliatory conduct of their owners, managers, directors, supervisors and other employees and agents employed herein.

33.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress, and other general damages.

34.   The acts of Defendants as described herein were malicious, oppressive, fraudulent, despicable, with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages against Defendants, and each of them, in an amount according to proof.

35.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION
### FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT RETALIATORY PRACTICES IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940(k)
### (Against Defendant Lowe's and Does 1-50)

Plaintiff re-alleges and incorporates herein by reference, all previous allegations set forth in this Complaint as though fully set forth herein.

36.   At all times relevant to this Complaint, California Government Code section 12900, *et seq.* and its implementing regulations were in full force and effect.

37.   California Government Code section 12940(k) provides that it is unlawful for any employer or covered entity to fail to take all reasonable steps necessary to prevent discriminatory, harassing, and retaliatory practices in the workplace, or to prevent any further acts of harassment and retaliation.

38.   At all times relevant hereto, Defendant Lowe's was aware that Plaintiff was being retaliated

COSTANZO LAW FIRM, APC
111 WEST ST. JOHN STREET #700
SAN JOSE, CA 95113

against.

39.     At no time did Defendants prevent or take reasonable steps to prevent the retaliation from occurring.

40.     In failing to prevent retaliation, Defendants violated the Fair Employment and Housing Act.

41.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, emotional distress, and other general damages.

42.     The acts of Defendants as described herein were malicious, oppressive, fraudulent, despicable, with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages against Defendants, and each of them, in an amount according to proof.

43.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF
### GOVERNMENT CODE SECTION 12940, ET. SEQ.
#### (Against Defendants Lowe's and Does 1-50)

Plaintiff re-alleges and incorporates by reference, each and every allegation contained above, inclusive, as though fully set forth herein.

44.     At all times mentioned, the public policy of the State of California, as codified and expressed and mandated in Cal. Gov't Code §12940 et seq., is to prohibit employers from retaliating against an employee for submitting complaints of discrimination, harassment, and retaliation. This public policy of the State of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large.

COSTANZO LAW FIRM, APC
111 WEST ST. JOHN STREET #700
SAN JOSE, CA 95113

45.     Accordingly, the actions of Defendant in discharging Plaintiff were wrongful and in contravention of the express public policy of the State of California, to wit: The policy set forth in Gov't Code § 12940 et seq. and the laws and regulations promulgated thereunder.

46.     By reason of the conduct of Defendant, Plaintiff has necessarily had to retain attorneys to prosecute the within action. Plaintiff, therefore, is entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendant's actions, Plaintiff has sustained economic damages to be proven at trial. As a further result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages according to proof.

47.     The conduct of Defendants and/or their agents/employees as described herein, was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of the remaining employees and agents. Consequently, Plaintiff is entitled to punitive damages against Defendant according to proof.

48.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs.

        **WHEREFORE**, Plaintiff prayers for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**BREACH OF WRITTEN AND IMPLIED-IN-FACT CONTRACT**
**(Against Defendant Lowe's and Does 1-50)**

        Plaintiff re-alleges and incorporates herein by reference, all previous allegations set forth in this Complaint as though fully set forth herein.

49.     An implied contract is "… in no less degree than an express contract." (*Friedman v. Friedman* (1993) 20 Cal.App.4th 876, 887.)   The very heart of the implied-in-fact contract is the intent to

COSTANZO LAW FIRM, APC
111 WEST ST. JOHN STREET #700
SAN JOSE, CA 95113

COSTANZO LAW FIRM, APC
111 WEST ST. JOHN STREET #700
SAN JOSE, CA 95113

promise. (*Id.*) The existence and terms of an implied-in-fact contract is based upon the manifested conduct of both parties. (*Id.*)

50.     During Plaintiff's period of employment with Defendant Lowe's, a written and implied-in-fact contract existed between the parties. Defendant made numerous oral and written promises to Plaintiff Rosa Cruz, that she would be employed by Defendant and that Lowe's would abide by its policies and procedures.

51. Lowe's breached the written or implied in fact contract with Plaintiff Ms. Cruz when, per the Employee Agreement, effective on or about December 4, 2017, Lowe's violated its own policies and procedures, including, but not limited to:

**1.     Compliance with Laws, Regulations, and Internal Policies – Section A**

52.     Section A states in part: "Associates acting on behalf of the company must comply with laws, regulations, and with Lowe's policies and procedures at all times, even where conduct prohibited by our policies and procedures could be allowed by law."

53.     Lowe's failed to act lawfully when they discrimination and retaliated against Ms. Cruz.

54.     There were multiple incidents that breached Section A, including, but not limited to:

| Date | Incident in Violation of Section A |
|------|-------------------------------------|
| 7/22/19 | **Discrimination** against Ms. Cruz by Lowe's when they interviewed her regarding discounted merchandise sold to a contractor, Tony, but failed to interview two Caucasian assistant managers who also worked with Tony, in violation of Section O of the Lowe's Code of Business Conduct. |
| 7/22/2019 | **Retaliation** by Lowe's against Ms. Cruz when she was investigated, and ultimately terminated, for assisting other Spanish speaking employees with a sexual harassment complaint, in violation of Section N and Section O of the Lowe's Code of Business Conduct. |
| 8/15/19 | **Termination** for failing to provide a written statement to the District Loss Prevention Investigator, in violation of Section O of the Lowe's Code of Business Conduct. |

PLAINTIFF ROSA CRUZ' FIRST AMENDED COMPLAINT

| 8/15/19 | **Failure** by Lowe's to pay Ms. Cruz owed wages in violation of California Labor Code §201, §202, and §203. |
|---------|-----------------------------------------------------------------------------------------------------------------|

**2.    Workplace Safety – Section N**

55.    Section in says in part: "Lowe's is committed to protecting the health and safety of its Associates, customers, partners and communities."

56.    Section N also says in part: "Associates are responsible for reporting any act of violence or any unsafe condition, and must always take reasonable and appropriate steps to protect their own health and safety as well as the safety of others."

57.    Ms. Cruz was abiding by Section N of the Lowe's Code of Business Conduct when she assisted the other Spanish speaking employees with their sexual harassment complaint.

58.    Lowe's violated Section N when they failed to timely investigate the sexual harassment claim, assist Ms. Cruz with the sexual harassment claim, and retaliated against Ms. Cruz for complying with Section N.

59.     Incidents involving Mr. Cruz, and Lowe's failure to prevent such harassment, that breached Section N include, but are not limited to:

| Date | Incident in Violation of Section O |
|------|------------------------------------|
| 6/2018-6/2019 | **Failure to timely investigate and assist** Ms. Cruz with the sexual harassment complaint. |
| 7/22/2019 | **Retaliation** by Lowe's against Ms. Cruz when she was investigated, and ultimately terminated, for assisting other Spanish speaking employees with a sexual harassment complaint in compliance with Section N of the Lowe's Code of Business Conduct. |
| 8/15/19 | **Termination** for failing to provide a written statement to the District Loss Prevention Investigator |

**3.    Associate Relations – Section O**

60.    Section O says in part: "Lowe's follows federal and state laws and  regulations prohibiting discrimination on  the basis of sex, race, color, religion, national origin, age, disability, marital

COSTANZO LAW FIRM, APC
111 WEST ST. JOHN STREET #700
SAN JOSE, CA 95113

status, gender identity or expression, sexual orientation, genetic information, military or veteran status, or any other category protected by federal, state or local law."

61.     Section O also states in part: "All Associates are expected to conduct themselves in such a manner to maintain a working environment free of unlawful discrimination and any other forms of harassment."

62.     Incidents involving Mr. Cruz, and Lowe's failure to prevent such harassment, that breached Section O include, but are not limited to:

| Date | Incident in Violation of Section O |
|------|-----------------------------------|
| 7/22/19 | **Discrimination** against Ms. Cruz by Lowe's when they interviewed her regarding discounted merchandise sold to a contractor, Tony, but failed to interview two Caucasian assistant managers who also worked with Tony. |
| 7/22/2019 | **Retaliation** by Lowe's against Ms. Cruz when she was investigated, and ultimately terminated, for assisting other Spanish speaking employees with a sexual harassment complaint. |
| 8/15/19 | **Termination** for failing to provide a written statement to the District Loss Prevention Investigator |

**4.      Compliance with this Code– Section Q**

63.     Section Q states, "Lowe's will promptly evaluate and respond to all potential violations of this Code."

64.     The section further states, "Lowe's is committed to creating an environment where individuals can report suspected violations, participate in investigations, and engage in other legally protected activities without fear of retribution or retaliation."

65.     In violation of the various policies and procedures referenced herein, Lowe's has breached its contract by, amongst other things:

          i.   Failing to timely investigate and assist Ms. Cruz with the sexual harassment complaint that was assisting other Spanish speaking employees with.

ii.   Retaliating against Ms. Cruz for assisting with the sexual harassment of other Spanish speaking employees with by terminating her employment.

**WHEREFORE,** Plaintiff prays for relief as set forth below.

**FIFTH CAUSE OF ACTION**
**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
**(Against Defendant Lowe's and Does 1-50)**

Plaintiff re-alleges and incorporates herein by reference, all previous allegations set forth in this Complaint as though fully set forth herein.

66.    Plaintiff performed all conditions, covenants and promises required, consistent with a course of conduct, or as a result of usage of trade or personal understanding between Plaintiff and Defendants, as well as performing all conditions consistent with her written or implied-in-fact employment agreements with Defendants. Defendants voluntarily accepted Plaintiff's performance in accordance with the terms and conditions of both the parties' written or implied contracts.

67.    Defendants breached the covenant of good faith and fair dealing implied in the employment agreements with Plaintiff by, inter alia, failing to abide by its own policies and procedures as noted hereinabove.

68.    As a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing with Plaintiff, Plaintiff has been damaged in an amount according to proof at trial.

69.    Defendants are directly liable for the conduct of their owners, managers, directors, supervisors, and other employees and agents.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200**
**(As to Defendant Lowe's and Does 1-50)**

Plaintiff re-alleges and incorporates herein by reference, all previous allegations set forth in this Complaint as though fully set forth herein.

70.    Defendant, and each of them, are "persons" as defined under Business and Professions Code § 17021.

71.    Plaintiff Rosa Cruz is informed and believes, and based thereon alleges, that Defendant

COSTANZO LAW FIRM, APC
111 WEST ST. JOHN STREET #700
SAN JOSE, CA 95113

COSTANZO LAW FIRM, APC
111 WEST ST. JOHN STREET #700
SAN JOSE, CA 95113

committed unfair business practices, as defined by Cal. Bus. & Prof. Code § 17200, *et seq.*, by violating the laws alleged to have been violated in this Complaint and which allegations are incorporated herein by reference.

72.     The practices described herein were unfair within the meaning of Cal. Bus. & Prof. Code § 17200, *et seq.*, because the acts were intentionally performed to harm Plaintiff.

73.     Plaintiff is informed and believes, and based thereon alleges, that the unlawful, unfair and fraudulent business practices described herein present a continuing threat to members of the public, because it is believed that Defendant continues to operate in the illegal manner as alleged herein.

74.     Further, such skirting of the California labor laws presents a threat to the general public in that the enforcement of labor laws is essential to ensure that all California employers compete equally and that no California employer receive an unfair competitive advantage at the expense of its employees.

75.     As a result of the above-alleged misconduct, Plaintiff has suffered damages in an amount to be determined according to proof.

76.     The unfair, fraudulent, and unlawful business practices of Defendant is likely to continue because Defendant appears to have a pattern and practice of committing the same type of misconduct as alleged herein. Therefore, the imposition of a preliminary injunction is justified.

77.     As a direct and proximate result of the above-alleged misconduct, Plaintiff seeks injunctive relief and restitution for, among other things, lost benefits in an amount according to proof.

78.     As a direct and proximate result of the aforesaid acts and conduct of said Defendant, Plaintiff is entitled to and hereby seeks attorneys' fees as permitted by law.

     **WHEREFORE,** Plaintiff prays for relief as set forth below.

## SEVENTH CAUSE OF ACTION
### FAILURE TO PAY FINAL WAGES OWED AT TERMINATION
### (LABOR CODE §§201, 202, AND 203)
### (As to Defendant Lowe's and Does 1-50)

79.     Plaintiff re-alleges and incorporates herein by reference, all previous allegations set forth in this Complaint as though fully set forth herein.

80.     Labor Code section 201 requires that all wages due and owing to an employee, at the time of

discharge, must be paid immediately upon discharge.

81.     Ms. Cruz expected to receive $15,000 in bonus wages for her perfect attendance record. Lowe's failed to timely pay Ms. Cruz all wages owed to her and when Lowe's did pay Plaintiff, they deposited only $5,000 to Ms. Cruz's bank account without explanation.

82.     Plaintiff Rosa Cruz is informed and believes, and on that basis alleges, that Lowe's failure to timely pay Ms. Cruz all wages due was willful.

83.     Where an employer fails to pay all wages due upon termination, Labor Code section 203 provides that the former employee must be compensated with a full day's pay for each day such wages are unpaid for a maximum of thirty days.

84.     As a result of the Lowe's failure to pay wages due to Ms. Cruz immediately at the time and place they were due, Ms. Cruz is entitled to recover civil penalties from Lowe's in an amount equal to thirty days of wages, at the same rate she received during employment, plus prejudgment interest thereon.

## **PRAYER**

1.  For general damages, according to proof, on each cause of action for which such damages are available;

2.  For special damages, according to proof, on each cause of action for which such damages are available;

3.  For punitive damages, according to proof, on each cause of action for which such damages are available;

4.  For declaratory relief to declare Defendant's conduct to be in violation of Plaintiff's rights;

5.  For injunctive relief to enjoin Defendants from engaging in such conduct;

6.  For pre-judgment and post-judgment interests according to law;

7.  For reasonable attorney's fees incurred in this action on those causes of action for which such fees are recoverable under applicable law;

8.  For costs of suit incurred in this action; and

9.  For such other and further relief as the court deems just and proper.

COSTANZO LAW FIRM, APC
111 WEST ST. JOHN STREET #700
SAN JOSE, CA 95113

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action alleged herein in the Complaint for Damages.

Dated: September 28, 2020

Respectfully submitted,

*Lori J. Costanzo*

Lori J. Costanzo
Attorney for Plaintiff Rosa Cruz

COSTANZO LAW FIRM, APC
111 WEST ST. JOHN STREET #700
SAN JOSE, CA 95113

# Exhibit 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 28, 2020

Andrea Justo
111 W. St. John Street, Suite 700, 700
San Jose, California 95113

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 202001-08819108
        Right to Sue: Cruz / Lowe's Companies, Inc.

Dear Andrea Justo:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Rosa Cruz                                                   DFEH No. 202001-08819108

                              Complainant,

vs.

Lowe's Companies, Inc.
1000 Lowe's Boulevard
Mooresville, North Carolina 28117

Lowe's Home Centers, LLC
1000 Lowe's Boulevard
Mooresville, North Carolina 28117

Lowe's Companies, Inc. Store #2211
811 East Arques Avenue
Sunnyvale, California 94085

Marvin Ellison
1000 Lowe's Boulevard
Mooresville, North Carolina 28117

Joseph M. McFarland III
1000 Lowe's Boulevard
Mooresville, North Carolina 28117

Jennifer L. Weber
1000 Lowe's Boulevard
Mooresville, North Carolina 28117

Kelly Kent
1000 Lowe's Boulevard
Mooresville, North Carolina 28117

Anthony T. (Tony) Hurst
1000 Lowe's Boulevard
Mooresville, North Carolina 28117

-1-

Date Filed: January 23, 2020
Date Amended: February 28, 2020

Sly Renard
811 E Arques Avenue
Sunnyvale, California 94085

Genevieve Wynsen
811 E Arques Avenue
Sunnyvale, California 94085

Respondents

_____

1. Respondent **Lowe's Companies, Inc.**  is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Rosa Cruz**, resides in the City of **Redwood City** State of **California.**

3. Complainant alleges that on or about **August 5, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, association with a member of a protected class.

**Complainant was discriminated against** because of complainant's race, association with a member of a protected class and as a result of the discrimination was terminated, reprimanded, denied any employment benefit or privilege, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment complaint and as a result was terminated, reprimanded, denied any employment benefit or privilege.


**Additional Complaint Details:** Ms. Cruz was hired as an Assistant Specialty Manager on December 4, 2017, for the South San Francisco Lowe's Companies, Inc. (hereinafter "Lowe's") location and was transferred to Lowe's in Sunnyvale in September of 2018 in order to improve that location's sales. Ms. Cruz has enjoyed great success throughout her over twelve (12) year career at Home Depot and over one (1) year career at Lowe's. Ms. Cruz clearly has extensive experience in hardware retail and has held various titles, such as HR manager, ASDS, and Specialty ASM.

Date Filed: January 23, 2020
Date Amended: February 28, 2020

While at Lowe's, Ms. Cruz was offered multiple promotions. Ms. Cruz was offered promotions to store manager and branch manager for a new Lowe's location called Maintenance Supply Headquarters in San Leandro. These promotions were offered only two (2) months before her termination. Ms. Cruz declined both promotion offers because she is the proud mother of a young child who needs her care and she would be unable to devote the time necessary for the added travel.

Ms. Cruz has received many written compliments from managers, assistant managers, supervisors, and associates, Ms. Cruz's Department Supervisor, Nestor, wrote that Ms. Cruz was "by far the best thing [Lowe's] ever had and [Ms. Cruz was] so supportive, informative, and overall an amazing person." Another colleague described Ms. Cruz as "the glue that held everyone together." Further evidence of Ms. Cruz's capability as an assistant manager is shown by the approximately $15,000 worth of bonus pay she expected to accrue in August of 2019 for her perfect attendance record. However, Ms. Cruz only received a fraction of that amount when $5,000 was deposited into her bank account in September without an additional explanation. Ms. Cruz was a model employee and has never, in her over a decade long career, had anyone question her work ethic nor her integrity.

In 2018, Ms. Cruz was made aware of sexual harassment allegations made against the former Store Manager, Renaldo. The employees alleged that Renaldo made sexual comments to them and touched them inappropriately. The allegations were made by Spanish speaking employees and Ms. Cruz is one of the few Spanish speaking managers at her Lowe's location. As such, the employees confided in Ms. Cruz regarding the sexual harassment they were experiencing. These employees sought help from Ms. Cruz, and as an assistant manager, she was obligated and wanted to assist them. Ms. Cruz went through the investigation process with Lowe's lawyers and reached out to corporate HR in October of 2018 to try and get the ball rolling on an investigation. Additionally, Ms. Cruz made a written statement of what the employees told her.

Ms. Cruz was informed that the case would be looked in to. However, Ms. Cruz was not optimistic about the prospects of the investigation because many of the managers already knew of the sexual harassment behavior and there were even unconfirmed rumors that the HR manager was physically involved with the Manager being accused of inappropriate behavior. It took approximately six (6) months before interviews were even started for the investigation.

It was not until June of 2019 that a corporate lawyer came to the store to meet with Ms. Cruz to discuss the investigation. Lowe's was obviously concerned about the bad press that this investigation would bring and made it a low priority accordingly. This is further evidenced by the fact that, as an assistant manager, Ms. Cruz should

-3-
*Complaint – DFEH No. 202001-08819108*

Date Filed: January 23, 2020
Date Amended: February 28, 2020

have been helped by an HR manager and received additional support. However, no support was given, and Ms. Cruz was left to pursue the investigation on her own.

Ms. Cruz was likely seen as the root cause of the investigation because she was the leading force in getting the employees the help they deserved. Ms. Cruz believed it was extremely important to pursue reporting the sexual harassment complaint because one of the victims, Maria, had confided in her about having thoughts of suicide. Ms. Cruz, without the help of Lowe's HR, provided support for Maria for over 14 hours in order to comfort her. Ms. Cruz did the right thing by assisting the employees in getting their voices heard, however, she was ultimately punished and terminated for her role in this investigation.

Additionally, Ms. Cruz was put in danger and at risk of gun violence for assisting with the sexual harassment claim. On or about May 10, 2019, Ms. Cruz received a call from one of her peers, Erica. When Ms. Cruz answered the phone, Erica was crying and told Ms. Cruz that she had found a note stating that Ruby, another employee of Lowe's that was close with Renaldo, had a gun and had threatened to shoot Ms. Cruz. This news was extremely scary and upsetting to Ms. Cruz. A report was made to HR, and eventually Ruby was fired, however nobody from Lowe's notified Ms. Cruz that Ruby had been fired due to threats made to Ms. Cruz's life.

At all Lowe's locations, it is common practice for contractors to purchase discounted merchandise that is not suitable for sale to regular customers at full price. For example, products that have been opened or are damaged cannot be sold at full price to the average customer for obvious reasons. However, contractors are willing to buy such items at a discounted price. This helps both the contractors by giving them a lower price and Lowe's by giving it some money for products they would otherwise be unable to sell.

On July 22, 2019, Ms. Cruz was interviewed by a District Loss Prevention Investigator with a witness from district HR present to transcribe the conversation. It was in this meeting that Ms. Cruz learned that she was being investigated for giving "many deep discounts" to one of the contractors in her district, Tony. The investigator asked Ms. Cruz about her relationship with Tony, such as if she knew him outside of work, if she knew him by other names, if she ever gave him new items at a discount, or if she ever gave him items for free. Although Ms. Cruz felt distressed and attacked, she complied and politely answered all of their questions, explaining that she did not give him free merchandise or new merchandise at a discount or know him outside of work. Rather, Ms. Cruz did what every other Lowe's manager did and authorized contractors, like Tony, to buy damaged items, such as appliances, water heaters, and stoves, at a discount.

-4-

*Complaint – DFEH No. 202001-08819108*

Date Filed: January 23, 2020
Date Amended: February 28, 2020

Lowe's discriminated against Ms. Cruz because of her race when they failed to interview two Caucasian assistant managers who also worked with the contactor, Tony. The District Loss Prevention Investigator only interviewed Ms. Cruz, who is Hispanic, an assistant manager who is Filipino, and an assistant manager who is Hawaiian/Pacific Islander.

Ms. Cruz was a competent employee and knew that there was, and still is, no actual markdown or discount process at Lowe's. The Standard Operation Procedures (SOP) for Lowe's only states that discounts start at 10% and it is up to the managers discretion after that. Ms. Cruz was puzzled as to why she was being investigated and interrogated on a common company practice. After being interviewed for 15 to 20 minutes, the investigator asked Ms. Cruz to write a statement. Ms. Cruz rightfully refused to write a statement because she did nothing wrong. Furthermore, there was a witness from HR in the room during the entire conversation who documented everything Ms. Cruz had to say. A written statement was unnecessary and excessive. Ms. Cruz was already upset by the interview and having her integrity questioned, and requesting a written statement just added insult to injury.

On August 5, 2019, Ms. Cruz was told by her District Manager, Sly Renard, and HR Manager, Genevieve Wynsen, that she was being terminated. Her termination was based on the conclusion of the investigation into contractor discounts, but no other details were provided. Ms. Cruz called corporate HR and wrote an email to the CEO of Lowe's, Marvin Ellison, the Executive Vice President, Joseph McFarland, and the Executive VP of HR, Jennifer Weber asking for more detail. Ms. Cruz was, again, never given the complete reason for her termination. Ms. Cruz finally received a response after calling an HR agent who told her she was let go because she refused to cooperate with the investigation by not writing a statement. This was perplexing to Ms. Cruz because she was never told that not writing a statement would lead to her termination.

It is evident that Ms. Cruz was targeted by management because at least three (3) other assistant managers gave discounts to contractors, including Tony, and were also interviewed by the District Loss Prevention Investigator, yet Ms. Cruz was the only one to be terminated. Furthermore, at least one of the other assistant managers also refused to give a written statement and told the investigator that the investigation had no meaning because there was no policy for discounts. The stated reason for her termination was clearly pretextual because she was never told that if she refused to write a statement she would be terminated, other assistant managers challenged the investigation without consequences, and other assistant managers gave discounts without repercussions.

It is apparent that the true reason for her termination was her role in assisting in the sexual harassment complaints against Renaldo. Ms. Cruz simply knew too much

Date Filed: January 23, 2020
Date Amended: February 28, 2020

1

and, as the only assistant manager who helped pursue the investigation, she became a target for Lowe's management. Ms. Cruz was placed between a rock and a hard place. It would have been a violation for her to ignore the employee's complaints of sexual harassment and allowed it to continue, but, on the other hand, she was ultimately terminated for assisting with their complaints.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-6-

*Complaint – DFEH No. 202001-08819108*

28

Date Filed: January 23, 2020
Date Amended: February 28, 2020

VERIFICATION

I, **Andrea Justo**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On February 28, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Jose, CA**

-7-

*Complaint – DFEH No. 202001-08819108*

Date Filed: January 23, 2020
Date Amended: February 28, 2020

**COSTANZO LAW FIRM, APC**
**111 WEST ST. JOHN STREET #700**
**SAN JOSE, CA 95113**

## ATTESTATION REGARDING SIGNATURES

Pursuant to Northern District of California Civil Local Rule 5-1(i)(3), I, Lori Costanzo, attest that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.

Dated: October 1, 2020                                          *Lori J. Costanzo*
                                                                          Lori J. Costanzo

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2020, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Dated: October 1, 2020                                          *Lori J. Costanzo*
                                                                          Lori J. Costanzo

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ATTESTATION OF SIGNATURES AND CERTIFICATE OF SERVICE